Matter of People ex rel. Roberts v Brann (2021 NY Slip Op 04208)





Matter of People ex rel. Roberts v Brann


2021 NY Slip Op 04208


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Index No. 450051/21, Ind. No. 212/19 Appeal No. 14173 Case No. 2021-00496 

[*1]In the Matter of The People of the State of New York ex rel. Sam Roberts, On Behalf of Brighton Montgomery, Petitioner-Appellant,
v
Cynthia Brann, etc., Respondent-Respondent.


Janet E. Sabel, The Legal Aid Society, New York (Sam A. Roberts of counsel), for
appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christina Ante of counsel), for respondent.



Judgment (denominated decision and order), Supreme Court, New York County (April A. Newbauer, J.), entered on or about January 25, 2021, denying the petition for a writ of habeas corpus on behalf of defendant Brighton Montgomery, unanimously affirmed, without costs.
CPL 520.30(1) provides: "Following the posting of a bail bond and the justifying affidavit or affidavits or the posting of cash bail, the court may conduct an inquiry for the purpose of determining the reliability of the obligors or person posting cash bail, the value and sufficiency of any security offered, and whether any feature of the undertaking contravenes public policy." In this case, the habeas court properly found that the bail court, after fixing bail with four alternative forms including $150,000 partially secured bond with 10% security, and conducting a surety hearing, providently exercised its discretion in rejecting the obligor's proffer of $15,000 collateral. The obligor, petitioner's father, was almost 64 years old at the time of the hearing and had not been employed for about 17 years. His only sources of income were disability benefits of less than $2,000 a month, and he obtained the majority of the collateral through about 700 online donations by persons who apparently cannot be identified. The court properly deferred to the determination of the bail court, which had the opportunity to observe the obligor during his testimony at the hearing. Under the particular circumstances of this case, the court reasonably found that the obligor's promise to pay the balance of the bond in the event petitioner absconded was illusory (see People ex rel. Prieston v Nassau County Sheriff's Dept., 34 NY3d 177 [2019]), and that the obligor failed to provide a sufficient incentive for petitioner to appear in court while charged with second-degree murder.
In light of the foregoing factors among others, we have considered and rejected petitioner's arguments that the bail court failed to "impose the least restrictive kind and degree of control or restriction that is necessary to secure [his] return to court when required" (CPL 510.30[1]), and violated the constitutional prohibition on excessive bail. Petitioner's equal protection and due process claims are unpreserved, and we decline to
review them in the interest of justice. Were we to review them, we would find them unavailing (see People ex rel. Schneller v Brann, 172 AD3d 495, 496 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021